UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REGINALD WHITE | CIVIL ACTION |
| VERSUS | No. 19-1724 |
| LONESTAR DEDICATED, LLC, et al. | SECTION: "J"(3) |

## ORDER AND REASONS

Before the Court is a Motion to Remand **(Rec. Doc. 5)** filed by Plaintiff, Reginald White. Defendants, American Millennium Insurance Company and Lonestar Dedicated, LLC (collectively "Moving Defendants") filed an opposition (Rec. Doc. 12). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds the motion should be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This case arises from an automobile accident that occurred on November 3, 2017 in East Baton Rouge Parish. On that date, Plaintiff was operating an 18-wheeler while in the course and scope of his employment with United Parcel Service when he was rear-ended by an 18-wheeler operated by Defendant Alexei Hernandez ("Hernandez"). Plaintiff alleges that Hernandez was operating the vehicle while in the course and scope of his employment with Defendant Lonestar Dedicated, LLC ("Lonestar"). He asserts that automobile coverage for the vehicle operated by Hernandez was provided by Defendant American Millennium Insurance Company ("AMIC").

1

On October 3, 2018, Plaintiff filed suit in Civil District Court for the Parish of Orleans, alleging general and special damages. On November 8, 2018, Plaintiff sent a demand letter to a claims adjuster for AMIC. Plaintiff alleges that the demand to settle the case for over $625,000 summarized the opinions and recommendations of Plaintiff's treating physicians and was accompanied by medical records. On or about December 3, 2018, AMIC's claims adjuster responded to Plaintiff's demand with a counteroffer of $21,250 based on her review of the records provided with the settlement demand. Specifically, Moving Defendants assert that it appeared to the claims adjuster that Plaintiff's injuries involved an exacerbation of pre-existing soft tissue injuries and further investigation into prior losses was required to resolve the matter. Accordingly, on January 17, 2019, AMIC propounded discovery requests to Plaintiff to clarify the amount in controversy. On January 31, 2019, Moving Defendants received Plaintiff's answers to AMIC's Request for Admissions, wherein Plaintiff "admitted" that his complained-of damages exceed the sum or value of $75,000, exclusive of interest and costs. The instant action was removed to this Court on February 25, 2019.[1] Plaintiff now seeks an order remanding the action to state court on grounds that the notice of removal was untimely and violated the rule of unanimity.

---

[1] Moving Defendants acknowledge that they also filed removal pleadings in the United States District Court for the Middle District of Louisiana, but they assert that this was a clerical error. (*See* Rec. Doc. 12 at 3, n. 2).

## **LEGAL STANDARD**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2011). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## **PARTIES' ARGUMENTS AND DISCUSSION**

### I. Whether the Notice of Removal was Untimely

It is undisputed that the requirements of diversity jurisdiction are met in the instant case. The parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Rather, Plaintiff urges the Court to remand the instant matter on the basis of two procedural errors in removal, the first being that the Notice of Removal was untimely.

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant ordinarily has 30 days from receipt of the initial pleading to file a notice of removal. However, if "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30

days after receipt by the defendant … of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Plaintiff acknowledges that his original petition was not removable because it asserted only that the amount in controversy exceeded $50,000. (*See* Rec. Doc. 5-1 at 6). However, he argues that Moving Defendants knew the case was removable as early as November 8, 2018, when Plaintiff sent a formal written settlement demand and offer to settle all claims for $626,212.61 to AMIC's claims adjuster. (Rec. Doc. 5-1 at 7). Plaintiff asserts that Moving Defendants "acknowledged their knowledge [that the instant matter exceeded the requisite amount] on December 3, 2018, when [AMIC's claims adjuster] wrote to undersigned counsel that 'if we are unable to settle reasonably…we would be asking [defense counsel] to file a motion to change venue to Federal Court." (Rec. Doc. 5-1 at 8). Given that removal pleadings were not filed until February 25, 2019, Plaintiff argues that removal was untimely. (Rec. Doc. 5-1 at 8).

Moving Defendants argue in opposition that the Notice of Removal was timely because the 30-day time period for removal did not commence until Plaintiff provided answers to AMIC's Request for Admissions on January 31, 2019, as the answers constituted "the first other paper containing information 'unequivocally clear and certain' that more than $75,000 is in controversy." (Rec. Doc. 12 at 6). Specifically, Moving Defendants assert that the information contained in Plaintiff's one-page settlement demand dated November 8, 2018 was not sufficient to justify removal under the Fifth Circuit's standard given that "Plaintiff's counsel submitted an

4

inflated demand of $626,212.61, without any cited jurisprudence or authority in support thereof." (Rec. Doc. 12 at 7-10). Moving Defendants emphasize that AMIC's claims adjuster presented a counteroffer of settlement in the amount of $21,250 because the information provided by Plaintiff demonstrated that there are significant issues with medical causation. (Rec. Doc. 12 at 10). Accordingly, Moving Defendants argue that they did not have unequivocally clear and certain information that the case was removable until receipt of Plaintiff's admission that his complained-of damages exceed $75,000 on January 31, 2019. (Rec. Doc. 12 at 11).

The Fifth Circuit has explained that "the information supporting removal in a copy of an amended pleading, motion, order *or other paper* must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (emphasis added). "This clearer threshold promotes judicial economy" and "should reduce 'protective' removals by defendants faced with an equivocal record." *Id*. Acknowledging that the word "ascertain" means "to make certain, exact, or precise" or "to find out or learn with certainty," the Fifth Circuit has indicated that § 1446(b)(3) "seems to require a greater level of certainty or that the facts supporting removability be stated unequivocally," in contrast with § 1446(b)(1), which "encompasses a broader range of information that can trigger a time limit based on notice…" in light of the fact that "set forth" as used in § 1446(b)(1) simply means to "publish" or "give an account or statement of." *Id*.

In the instant case, Plaintiff asks this Court to accept that his November 8, 2018 settlement "package" consisting of (1) a one-page letter referencing the opinion of Plaintiff's treating orthopedic surgeon and demanding $626,212.61 and (2) medical records requested by the claims adjuster (which were not attached to the motion to remand) constitutes clear and unequivocal evidence that the case was removable on the abovementioned date. In light of this, the Court ordered the parties to submit evidence of the documents that were submitted to AMIC on November 8, 2018. (*See* Rec. Doc. 14).

The amount of a settlement offer is "valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (citing *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)). In *Watts v. Harrison*, this Court granted a motion to remand where the plaintiff's settlement offer—which the Court found to be an "honest assessment" of the plaintiff's damages—did not come close to exceeding the jurisdictional threshold. No. CV 17-814, 2017 WL 4992677, at *3 (E.D. La. Nov. 2, 2017).

The court has now had the opportunity to review the medical records that were sent to the claims adjuster with Plaintiff's settlement demand. These medical records raise questions as to whether Plaintiff's treating orthopedic surgeon ordered a bilateral C5-C6/C6-C7 cervical facet injection as Plaintiff suggests. *See* Rec. Doc. 5-3). There is a record dated March 19, 2018 from the orthopedist, Marco A. Rodriguez, indicating that facet injections *could be considered* if Plaintiff's symptoms persist. Six weeks later, Miguel C. Rosales, who appears to be a Physician Assistant,

6

recommended bilateral C5-C6 and C6-C7 cervical facet injections. There is no evidence that Plaintiff had undergone these injections at the time the demand letter was sent to the claims adjuster on November 8, 2018. Moreover, the radiology report from Plaintiff's cervical MRI performed on February 1, 2018 indicates that "[t]here are mild degenerative changes throughout the cervical spine. The exam is otherwise unremarkable. There is no acute traumatic abnormality. There is no large disc protrusion. There is no significant central canal or neuroforaminal stenosis."

Plaintiff's settlement demand and the attached medical records did not make it "unequivocally clear and certain" that the amount in controversy exceeded $75,000. Accordingly, the 30-day clock for removal did not begin to run until Plaintiff answered the insurer's Request for Admissions on January 31, 2019. The Notice of Removal was filed on February 25, 2018, within the 30-day window. If Moving Defendants were the only defendants required to join in filing the Notice of Removal, it was filed timely.

II. **Whether the Notice of Removal Violated the "Rule of Unanimity" Pursuant to 28 U.S.C. Section 1446(b)(2)(A)**

Plaintiff also argues that the Notice of Removal was procedurally defective and in violation of the rule of unanimity because Hernandez did not join in or give his written consent within 30 days of receipt of the "other paper" by AMIC's claims adjuster. (Rec. Doc. 501 at 8, 9). Plaintiff asserts that Hernandez was properly served under the Louisiana Long Arm Statute in light of the signed acknowledgement of receipt of the certified mail containing the citation and copy of Plaintiff's petition. (Rec. Doc. 5-1 at 11). Moving Defendants argue in opposition that Hernandez's

7

consent to removal was not required because he had not been properly served at the time of removal. (Rec. Doc. 12 at 11-12). Specifically, Moving Defendants assert that Hernandez was not properly served under the Louisiana Long Arm Statute because at the time service was attempted on October 24, 2018, Hernandez no longer resided at the 1022 McIntosh Avenue, West Palm Beach, Florida 33405 address to which service was sent. (Rec. Doc. 12 at 12). Moving Defendants indicate that while Hernandez did reside at this address on the date of the November 3, 2017 accident, he began residing at 8519 Owen Lake Court in Houston, Texas in August of 2018. (Rec. Doc. 12 at 12). Moving Defendants argue that the illegible signature on the certified mail receipt is not that of Hernandez and no one residing at the Florida address at the time of the attempted service had Hernandez's authority to sign anything on his behalf. (Rec. Doc. 12 at 12-13). Moreover, Hernandez has never received any certified mailing from Plaintiff's counsel at his old or his new address. (Rec. Doc. 12 at 12-13).

The rule of unanimity, as set forth by the Fifth Circuit, requires each served defendant to join the removal or that there be "timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). The Louisiana Long Arm Statute permits service of nonresident defendants by sending a certified copy of the summons and complaint by certified mail to the defendant:

A. In a suit under R.S. 13:3201, a certified copy of the citation ... shall be sent ... to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited or small claims jurisdiction.
B. If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.

La. R.S. § 13:3204. "[A]ll that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person." *McFarland v. Dippel*, 756 So.2d 618, 622 (La. App. 1st Cir. 2000).

In the instant case, it is clear that Plaintiff did not properly serve Hernandez pursuant to La. R.S. § 13:3204 because Hernandez did not live at the Florida address when service was attempted on October 24, 2018. The record reflects that Plaintiff directed service of the citation and petition to an address that was obtained at the time of the subject accident without taking steps to confirm that the address was still correct at the time service was attempted. Further, there is no indication in the record that Hernandez or a person authorized by him resided at the Florida address and actively refused to accept service, nor is there any indication that the complaint and petition or any other certified mailings were sent to Hernandez at the Texas address where he has lived since August of 2018. Accordingly, Hernandez was not properly

9

served at the time of removal, and Moving Defendants were not required to obtain his consent to remove the action to this Court.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 5)** is **DENIED**.

New Orleans, Louisiana this 15th day of August, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE